### 23341

Chris WESTON and Multimedia, Inc., d/b/a The Greenville News-Piedmont Company, Respondents v. CAROLINA RESEARCH AND DEVELOPMENT FOUNDATION, Christopher Vlahoplus, Arthur M. Williams, Jr., John L.M. Tobias, Richard E. Day, Gayle O. Averyt, William R. Bruce, Robert E. Roberson, Guy F. Lipscomb, Jr., and William Weston, Jr., Appellants. And John C. SHURR and The Associated Press, Respondents v. CAROLINA RESEARCH AND DEVELOPMENT FOUNDATION, Christopher Vlahoplus, Arthur M. Williams, Jr., John L.M. Tobias, Richard E. Day, Gayle O. Averyt, William R. Bruce, Robert E. Roberson, Guy F. Lipscomb, Jr., and William Weston, Jr., Appellants.

(401 S.E. (2d) 161)

Supreme Court

*Thomas E. McCutchen* and *Hoover C. Blanton,* both of *Whaley, McCutchen, Blanton and Rhodes,* Columbia, *for appellants.*

*Carl F. Muller* and *Wallace K. Lightsey,* both of *Wyche, Burgess, Freeman and Parham, P.A.,* Greenville, *for respondents.*

*Jay Bender,* of *Belser, Baker, Barwick, Ravenel and Bender,* Columbia, *amici curiae.*

Heard Nov. 27, 1990.

Decided Feb. 11, 1991.

HARWELL, Acting Chief Justice:

This case involves the applicability of the South Carolina Freedom of Information Act[1] (FOIA) to the Carolina Research and Development Foundation (Foundation). The dispositive issue in this case is whether the activities of the Foundation bring it within the definition of a "public body" contained in the FOIA.

## I. FACTS

The Foundation is a South Carolina eleemosynary corporation incorporated under the non-profit corporation provisions of S.C. Code Ann. § 33-31-10 to § 33-31-450 (1990). The Foundation operates exclusively for the benefit of the University of South Carolina. Respondents instituted these actions alleging that the Foundation is a "public body" under the South Carolina FOIA and as such, is subject to the provisions of the FOIA.[2] Respondents sought an injunction compelling the Foundation to disclose certain records which it had previously requested under the FOIA. Early in the litigation, the Foundation obtained a protective order which substantially restricted the discovery that respondents could pursue. The trial judge heard crossmotions for summary judgment on the issue of whether the Foundation was a "public body." The parties agreed that the cross-motions were dispositive of the cases and that a trial was unnecessary. The trial judge granted respondents' motion for summary judgment finding that the Foundation was a "public body" within the meaning of the FOIA. This appeal followed.

## II. DISCUSSION

In order to be subject to the FOIA, the Foundation must fall within the FOIA's definition of a "public body." The FOIA defines a "public body" as:

> any department of the State, any state board, commission, agency, and authority, any public or governmental

---

[1] S.C. Code Ann. § 30-4-10 to § 30-4-110 (Supp. 1989).

[2] Respondent Chris Weston and Multimedia, Inc., d/b/a The Greenville News-Piedmont Company, and respondent John C. Shurr and the Associated Press instituted two separate actions against the Foundation. Since the issues in both cases are the same, the cases have been consolidated for the purposes of this appeal.

body or political subdivision of the State, including counties, municipalities, townships, school districts, and special purpose districts, *or any organization, corporation, or agency supported in whole or in part by public funds or expending public funds....*

S.C. Code Ann. § 30-4-20(a) (Supp. 1989) (emphasis added). The trial judge held that the Foundation is a "public body" under the FOIA because it is supported in whole or in part by public funds and has expended public funds. We agree; an analysis of specific activities of the Foundation supports the conclusion reached below that it is a "public body."

■ Respondents claim that four transactions involving the Foundation demonstrate that the Foundation is supported by public funds and has expended public funds. The first transaction involved the sale of the Wade Hampton Hotel. The Wade Hampton Hotel was a student residence hall owned by the University of South Carolina (University). When the University sold the Wade Hampton Hotel, the Foundation received $2,000,000 of the total consideration of $5,001,801. The Foundation argues that the money it received did not come from public coffers because the money was given to it by a private purchaser as a gift. However, these funds were transferred to the Foundation in consideration for the sale of public real estate. By accepting a portion of the purchase price paid for publicly owned real estate, the Foundation accepted the support of public funds.

■ The second transaction involves the development of the Swearingen Engineering Center. In connection with the construction of the building, the Foundation accepted $16,300,000 in federal grant money and undertook to administer the expenditure of this money. This money was originally earmarked for the University, but was redirected to the Foundation after the University's General Counsel represented to the granting federal agency that the University was "acting through" the Foundation, which in turn, was acting on "behalf" of the University as its "agent." The grant was awarded to "the University of South Carolina acting through the Carolina Research and Development Foundation." The trial judge held that by accepting these funds and managing

their expenditure, the Foundation has received support from public funds and has expended public funds.

The Foundation first argues that the grant did not support the Foundation, but that the money went towards the cost of constructing the Swearingen Engineering Center. This may be true, but due to the protective order respondents were not able to ascertain how the grant money was actually expended. Regardless, the Foundation used University personnel on University payroll in conjunction with the construction project. This establishes, at a minimum, partial support from public funds for the Foundation. In addition, the Foundation clearly directed the expenditure of the funds it received.

The Foundation also contends that the federal grant ■ did not constitute public funds because federal grant recipients are not subject to the federal Freedom of Information Act. This argument is fallacious. Here, we are dealing with the South Carolina FOIA which mandates that the public be provided with information regarding the expenditure of public funds. These were clearly University funds, and thus public funds under the FOIA.

In the third transaction, the development of the Koger ■ Center, the Foundation accepted a conveyance of real estate from the City of Columbia, a $2,000,000 cash grant from the City of Columbia, and a $3,750,000 cash grant from Richland County. The Foundation argues that these funds were given to it by the City and County pursuant to a contractual agreement and that once the City and County transferred the property in performance of their contractual agreement, the expenditure of public funds ended. This argument is not persuasive. Funds from the public coffer were given to the Foundation which managed the expenditure of the funds and the development of the real estate. By these actions, the Foundation received support from and expended public funds.

The last transaction involves research and develop- ■ ment contracts which the University received from private third parties in exchange for research performed by University employees. The University routed these contracts through the Foundation, which retained 15% to 25% of the total contract amount. The Foundation claims that this sum was an administrative fee which it earned for

handling the administration of the contracts. However, the Foundation did not present any evidence that its personnel actually performed any services to earn this fee. The University could have retained the full payment for the research and development activities of its personnel and facilities. By taking part of this money, the Foundation has received support from public funds.

Each of the above transactions alone would bring the Foundation within the FOIA's definition of "public body." Taken together, they lead to the unavoidable conclusion that the Foundation is a "public body." This conclusion is mandated by the clear language of the FOIA. The Foundation's argument that the FOIA only applies to governmental and quasi-governmental bodies would rewrite the statutory definition of "public body" by deleting the phrase, "or any organization, corporation, or agency supported in whole or in part by public funds or expending public funds." According to the Foundation's position, a corporation that cannot be labeled governmental or quasi-governmental would be exempt from the FOIA, regardless of whether it received support from public funds or expended public funds. Such a construction would obliterate both the intent and the clear meaning of the statutory definition.

In addition, we reject the Foundation's contention that the common law distinction between "public" and "private" corporations overrides the clear language of the FOIA. Under the common law, a "private" corporation does not lose its "private" character by receiving support of public funds. *Trustees of Columbia Academy v. Board of Trustees*, 262 S.C. 117, 202 S.E. (2d) 860 (1974). The Foundation contends that it is a private corporation and that the FOIA does not apply to private corporations, regardless of whether they receive the support of public funds. However, the unambiguous language of the FOIA mandates that the receipt of support in whole or in part from public funds brings a corporation within the definition of a public body. The common law concept of "public" versus "private" corporations is inconsistent with the FOIA's definition of "public body" and thus cannot be superimposed on the FOIA. It is "well settled that a legislative body has the power within reasonable limits to prescribe legal definitions of its own language, and when an Act

passed by it embodies the definition, it is generally binding upon the Courts." *Windham v. Pace,* 192 S.C. 271, 283, 6 S.E. (2d) 270, 275 (1939). *See also Bell Finance v. South Carolina Dept. of Consumer Affairs,* 297 S.C. 111, 374 S.E. (2d) 918 (Ct. App. 1988) (statutory definitions should be followed in interpreting the statute); *Fruehauf Trailer Co. v. South Carolina Electric Gas Co.,* 223 S.C. 320, 75 S.E. (2d) 688 (1953) (lawmaking body's construction of its language by means of definitions of the terms employed should be followed in the interpretation of the act to which it relates and is intended to apply).

As the trial judge correctly noted, this decision does not mean that the FOIA would apply to business enterprises that receive payment from public bodies in return for supplying specific goods or services on an arms length basis. In that situation, there is an exchange of money for identifiable goods or services and access to the public body's records would show how the money was spent. However, when a block of public funds is diverted *en masse* from a public body to a related organization, or when the related organization undertakes the management of the expenditure of public funds, the only way that the public can determine with specificity how those funds were spent is through access to the records and affairs of the organization receiving and spending the funds.

The Foundation also contends that the trial judge erred in settling the record on appeal by including the memoranda by the parties before the trial judge and argument on the cross-motions for summary judgment. The memoranda and argument were relevant and appropriate. *See Gilmore v. Ivey,* 290 S.C. 53, 348 S.E. (2d) 180 (Ct. App. 1986).

Finally, the Foundation asserts that the injunction is overbroad because it requires production of documents that are exempt under the FOIA. See S.C. Code Ann. § 30-4-40 (Supp. 1989). We do not read the trial judge's order as compelling the production of records which are exempt under the FOIA. To the extent that any of the Foundation's records are exempt under Section 30-4-40 of the FOIA, the Foundation is not obligated to disclose them.

Since we have determined that the Foundation is a public body due to its activities involving public funds, we conclude

that summary judgment was appropriately granted to respondents. Accordingly, the order of the trial judge is

Affirmed.

CHANDLER, J., and BRUCE LITTLEJOHN, JAMES E. MOORE and WILLIAM J. MCLEOD, Acting Associate Justices, concur.