23408

J. Edward GAMBLE, III, Appellant v. CITY OF MANNING, Respondent.
(405 S.E. (2d) 829)
Supreme Court

*J. Lewis Cromer*, Columbia, *for appellant.*

*Kenneth L. Childs, David T. Duff,* and *David E. Dubberly,* Columbia, and *M.M. Weinberg, Jr.,* Sumter, *for respondent.*

Heard April 23, 1991.

Decided May 28, 1991.

GREGORY, Chief Justice:

Appellant commenced this action against respondent (City) for an alleged violation of the South Carolina "whistleblower statute," S.C. Code Ann. § 8-27-20 (Supp. 1990). He appeals the denial of his motion for judgment n.o.v. We affirm.

Appellant was employed by City in a dual capacity as its Director of Systems Operations and Assistant Director of Public Works. On January 31, 1989, he was placed on administrative leave with pay and on March 23, 1989, he was terminated. Appellant brought this action alleging he was terminated in retaliation for exposing wrongdoing by City.

Section 8-27-20 provides:

No public body may discharge, otherwise terminate or suspend from employment . . . any employee of a public body whenever the employee reports a violation of any state or federal law . . . or whenever the employee exposes governmental criminality, corruption, waste, fraud, gross negligence, or mismanagement. . . . If the employee reports, exposes, or testifies as provided in this section, without probable cause, he may be terminated from employment by the public body.

Section 8-27-30 provides a presumption of a violation of § 8-27-20 if the employee is terminated within one year of reporting any violation or wrongdoing and allows a lawsuit for damages and/or reinstatement and lost wages. Notwithstanding these provisions, however, under § 8-27-40, a public body may discharge an employee "for causes independent of those provided in § 8-27-20."

At trial, appellant produced evidence that he and Ray Brown, then City Administrator, met with Mayor Pansy Ridgeway in April 1988. Appellant and Brown raised several allegations of wrongdoing by the City's administration including racially discriminatory practices and use of City resources for the Mayor's personal benefit. In December 1988 and January 1989, appellant submitted written allegations of this wrongdoing to City Council. He was subsequently terminated.

City produced evidence contesting the validity of the allegations made by appellant and Brown. City also produced evidence that in the summer or fall of 1988, Police Chief Josey informed the Mayor he was being overpaid. In January 1989, Councilman DeWitt and Mayor Ridgeway examined the City's payroll, which was administered by appellant, and discovered discrepancies in the paychecks issued to some employees. As a result, appellant was placed on administrative leave and an auditor was hired.

On March 20, 1989, the auditor reported that appellant had been paid $11,999.38 more than he was entitled to receive for his period of employment from May 1986 to December 1988. Chief Josey was overpaid $9,499.24 and Ray Brown was overpaid $17,783.69. The auditor also reported that a review of

City's accounts payable system, from which general disbursements were made, was not managed in accordance with sound accounting practices. Many expenditures were undocumented and an appropriate purchase order system was not used. Appellant was in charge of the accounts payable system. Shortly after the auditor's report was received, appellant was terminated.

Appellant contended the nearly $12,000 in "extra" compensation he received was payment for accrued holidays and annual leave and payment for hours he spent working for the City before his actual date of hire in May 1986. City countered that payments for accrued leave were not approved by the Mayor or City Council. Although there was a disputed factual issue regarding the propriety of appellant's receipt of extra compensation, it was undisputed the accounts payable system was mismanaged.

Appellant moved for a directed verdict on the ground there was no factual issue regarding City's liability under the whistleblower statute. The trial judge denied the motion and the jury returned a verdict for City. Appellant then moved for judgment n.o.v. on the same ground. He appeals the denial of this motion.

A motion for judgment n.o.v. should not be granted if the evidence is susceptible of more than one reasonable inference. *Henderson v. St. Francis Community Hospital,* — S.C. —, 399 S.E. (2d) 767 (1990). On appeal, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing the motion. *Id.* Here, the evidence is clearly susceptible of more than one reasonable inference regarding the reason for appellant's termination. Under § 8-27-40, there is no violation of the whistleblower statute if the employee was fired for an independent cause. Because there is a factual issue regarding whether appellant was fired for an independent cause, we hold the trial judge properly refused appellant's motion for judgment n.o.v.

We dispose of appellant's remaining exceptions pursuant to Supreme Court Rule 23. *See Kershaw County Bd. of Education v. U.S. Gypsum Co.,* — S.C. —, 396 S.E. (2d) 369 (1990) (determination of relevancy of evidence is within trial judge's discretion); *State v. Caldwell,* 300 S.C. 494, 388 S.E. (2d) 816

(1990) (change of venue for pretrial publicity). The judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.