2186

Roger L. SPENCER, Appellant v.
BARNWELL COUNTY HOSPITAL, Respondent.
(444 S.E. (2d) 538)

Court of Appeals

*J. Lewis Cromer* and *Craig L. Berman,* of *Cromer & Mabry,* Columbia, and *J. Martin Harvey, Jr.,* Barnwell, *for appellant.*

*Thomas M. Boulward,* of *Brown, Jeffries & Boulware,* Barnwell, *for respondent.*

Heard April 12, 1994.

Decided May 23, 1994.

*Per Curiam:*

This is an action for wrongful discharge based on South Carolina's version of the "Whistleblower" Act (the Act).[1] Roger L. Spencer sued the Barnwell County Hospital, alleging that it had fired him for reporting governmental mismanagement. The circuit court granted the Hospital's motion to dismiss. Spencer appeals. We reverse and remand.

Spencer served as the Hospital administrator until the Hospital's Board of Trustees fired him on October 28, 1992. One week before his termination, Spencer reported during a talk show on a local radio station that a member of the Board of Trustees had a criminal record.[2] Two members of the Barnwell County Council, the governmental body responsible for selecting Board members, were also on the radio show and stated they did not know of the Board member's criminal record at the time he was appointed. The Council members also expressed concern over the Council's selection process and the Board member's fitness to continue serving on the Board of Trustees.

In his complaint, Spencer alleged that he was fired because he had reported County Council's appointment of a person with a criminal record to the Hospital Board. Spencer claimed that the appointment amounted to mismanagement and a violation of state law and hospital policy.

The Hospital moved for dismissal under Rule 12(b)(6), SCRCP. The circuit court, in granting the motion, held that the mere exposure of a board member's alleged criminal record does not constitute exposure of governmental mismanagement so as to give rise to a cause of action under the Whistleblower Act. This appeal followed.

I.

S.C. Code Ann. § 8-27-20 (Supp. 1992) provides, in pertinent part:

> No public body may discharge . . . any employee of a public body whenever the employee reports a violation of any

---

[1] S.C. Code Ann. §§ 8-27-10 to -50 (Supp. 1993). This case involves the statute as it existed on October 28, 1992.

[2] The Board member had been convicted of receiving stolen goods in 1974 and of simple assault in 1985.

state or federal law or regulation which involves a public body or any employee or official of a public body or whenever the employee exposes governmental criminality, corruption, waste, fraud, gross negligence, or mismanagement. . . .

The Whistleblower Act is a remedial act which seeks to foster good government for the benefit of the people of South Carolina. It does so by affording protection to governmental employees, the most obvious and important sources of information on the conduct of government. In considering a remedial act designed to protect a class of persons or the public at large, the courts liberally construe the act to carry out its purposes. *See, e.g., South Carolina Dept. of Mental Health v. Hanna,* 270 S.C. 210, 241 S.E. (2d) 563 (1978); *Francis v. Mauldin,* 215 S.C. 374, 55 S.E. (2d) 337 (1949); *McKenzie v. Peoples Baking Co.,* 205 S.C. 149, 31 S.E. (2d) 154 (1944).

The protection afforded a public employee by the Whistleblower Act does not depend upon proof of an actual violation of law or actual governmental mismanagement. *McGill v. University of South Carolina,* — S.C. —, 423 S.E. (2d) 109 (1992). Rather, the employee need only have probable cause and good faith in reporting or exposing a suspected violation to enjoy the protection afforded by the Act. *Id.*

The Whistleblower Act does not define "mismanagement." However, a common interpretation would include failing to conduct a proper investigation before appointing a person with a criminal record to a position of public trust. *See Citizens for Lee County, Inc. v. Lee County,* 308 S.C. 23, 416 S.E. (2d) 641 (1992) (courts must apply plain and ordinary meaning of statutory terms).

Apparently, only one Council member (the one that nominated the Board member) knew of the criminal record and did not inform the other Council members before the appointment. Another Council member stated, "I must admit that I was not aware of any such thing. As a matter of fact, what I was told [was that] much interviewing and a lot of other things had been taking place to verify these people were above reproach that were going on these boards and commis-

sions." Under these facts, we hold that Spencer had probable cause to report suspected mismanagement. Because a good-faith claim of mismanagement is sufficient under the Act, we need not address whether the appointment was a violation of law.

## II.

The Hospital argues that it cannot be held liable under the Whistleblower Act because Spencer's report of governmental mismanagement involved the County Council, not the Hospital which employed him. In other words, the Hospital contends that the Whistleblower Act prevents the termination of an employee only if the employee has reported misconduct by the person or body responsible for hiring and firing him. Such a narrow interpretation of the Act is unwarranted. The Act provides "[n]o public body may discharge . . . any employee of a public body" for reporting "a violation . . . which involves a public body" or for "expos[ing] governmental . . . mismanagement. . . ." Section 8-27-20. The language of the statute does not impose the limitation sought by the Hospital. Spencer was a public employee under section 8-27-10(2) who was fired by the Hospital after reporting possible mismanagement by the Barnwell County Council, a public body under section 8-27-10(1). Under the plain language of the Act, Spencer's suit against the Hospital is proper. *See Citizens for Lee County, Inc. v. Lee County, supra; Gunnels v. American Liberty Ins. Co.,* 251 S.C. 242, 161 S.E. (2d) 822 (1968) (courts must follow literal meaning of unambiguous statutory terms).

To hold that the Act applies only if the report of misconduct involves the actual entity which employs the plaintiff would rewrite the statute and frustrate the purposes of the Act. The Hospital argues that this limitation is necessary to prevent frivolous lawsuits. However, such lawsuits should be handled under S.C. Code Ann. §§ 15-36-10 to -50 (Supp. 1993) (South Carolina Frivolous Civil Proceedings Sanctions Act), not by judicial revision of a legislative act.[3]

The Hospital's argument actually concerns the factual issue

---

[3] We note that the General Assembly has substantially revised the Act to provide a procedure for dealing with frivolous claims. *See* § 8-27-20 (Supp. 1993).

of causation. That is, the Hospital seeks a ruling as a matter of law that, because Spencer's report did not involve the Hospital, his report was not the cause of his termination. Ultimately, however, it is a question of fact for the jury to determine the reason for Spencer's termination. *See Gamble v. City of Manning,* 304 S.C. 536, 405 S.E. (2d) 829 (1991).

Because a jury could reasonably conclude that Spencer was terminated in violation of S.C. Code Ann. §§ 8-27-10 to -50 (Supp. 1992), the order of the circuit court is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BELL, GOOLSBY and CONNOR, JJ., concur.