481 S.E.2d 179

Charles SUTLER, Appellant,

v.

PALMETTO ELECTRIC COOPERATIVE, INC., Respondent.

No. 2614.

Court of Appeals of South Carolina.

Submitted Nov. 6, 1996.

Decided Jan. 13, 1997.

Rehearing Denied Feb. 21, 1997.

Frederick M. Corley and D.L. Aydlette, III, both of Harvey & Battey, Beaufort, for appellant.

Daniel E. Henderson, of Peters, Murdaugh, Parker, Eltzroth & Detrick, Ridgeland, for respondent.

PER CURIAM:

Charles Sutler (Appellant) filed this action in 1993 against Palmetto Electric Cooperative, Inc. (Respondent). The pertinent cause of action was brought under S.C.Code Ann. § 8–27–10 (Supp.1995) (Whistleblower Act). The trial judge grant-

ed summary judgment to Respondent. This appeal ensued. We affirm.[1]

## ISSUES

1. Whether the trial judge erred in finding that Respondent was not a public body within the definition of the Whistleblower Act.

2. Whether the trial judge erred in finding that Appellant failed to report actual violations and could not make a claim under the Whistleblower Act.

## FACTS

Respondent provides electricity in various areas of South Carolina's lowcountry and was incorporated in 1939 by its charter members. Appellant was employed by Respondent for eighteen years and was terminated on March 22, 1993. Appellant testified at his deposition that he was fired because he went to a member of Respondent's board of directors with information about improper cross metering. He also stated that he was fired because he went to a competitor with the intention to divulge confidential information. Appellant called SCE & G and offered to exchange information about Respondent in return for legal fees.

Respondent's chief financial officer stated in an affidavit that the Cooperative's main source of revenue is through the sale of electricity to its members. These members control the Cooperative through an elected board of directors. Respondent receives loans from the Rural Utility Service, and the loans are secured with Cooperative property. The loans have an advantageous interest rate. Respondent's financial officer also explained that the Cooperative receives no financial assistance from the State of South Carolina or any political subdivision, and it pays a utility tax to the state. Respondent also pays property taxes but does not have the power to tax and is not a public service district. Respondent is not eligible for any federal grants, and government entities have no regulatory authority over the Cooperative.

---

1. Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

## LAW/ANALYSIS

Appellant contends that Respondent is a "public body" within the definition of the Whistleblower Act. We disagree. The original act defined a public body as:

any department of the State; any state board, commission, committee, agency or authority; any public or governmental body or political subdivision of the State, including counties, municipalities, school districts, or special purpose or public service districts; *any* organization, *corporation,* or agency *supported* in whole or *in part by public funds* or expending public funds; or any quasi governmental body of the State and its political subdivision. § 8–27–10(1) (emphasis added).

*See Fruehauf Trailer Co. v. South Carolina Elec. Gas Co.,* 223 S.C. 320, 75 S.E.2d 688 (1953) (lawmaking body's construction of its language by means of definitions of the terms employed should be followed in the interpretation of the act to which it relates and is intended to apply). Appellant directs us to the language referring to corporations that are partially supported by public funds. We are mindful that the court must apply the plain and ordinary meaning of statutory terms. *Spencer v. Barnwell County Hosp.,* 314 S.C. 405, 444 S.E.2d 538 (Ct.App.1994). The Whistleblower Act does not apply to nonpublic, private corporations. S.C.Code Ann. § 8–27–50 (Supp.1995). Respondent states in its brief that it is a nonprofit corporation incorporated pursuant to the Rural Electric Cooperative Act, S.C.Code Ann. § 33–49–10 (1990).

Respondent receives loans from a federal agency, the Rural Utility Service (RUS), at a 7.25% interest rate. The loans emanate from the Rural Electrification Act of 1936, 7 U.S.C.A. § 901 (West Supp.1996). They are contingent on the Cooperative furnishing and improving electric and telephone service in rural areas. § 901. The objective of the Act was to provide electricity to those sparsely settled areas which the investor-owned utilities had not found it profitable to service. *Salt River Project Agric. Improvement and Power Dist. v. Federal Power Comm'n,* 391 F.2d 470 (D.C.Cir.1968). To this end the RUS makes long-term low-interest loans to approved non-profit cooperatives organized and owned by their consum-

er members, usually farmers, who have been unable to obtain electricity from any other source. *Id.*

We turn to *Weston v. Carolina Research and Dev. Found.,* 303 S.C. 398, 401 S.E.2d 161 (1991) for instruction here. Appellant and Respondent agree that *Weston* stands for the proposition that a corporation receiving public funds pursuant to a *quid pro quo* agreement is not necessarily subject to the Freedom of Information Act (FOIA). The definition of a public body in the FOIA is identical to the language in the Whistleblower Act. The respondent in *Weston* accepted federal *grant* money, and the court, in part, referred to that grant money in finding that the Respondent expended public funds. The respondent in *Weston* also accepted grants from the City of Columbia and Richland County. Consequently, the court found that the respondent was a public body within the FOIA definition. The court noted that the "unambiguous language of the FOIA [or the Whistleblower Act] mandates that the receipt of support in whole or in part from public funds brings a corporation within the definition of a public body." *Id.* at 403, 401 S.E.2d at 164.

In addition to its finding relating to the definition of a public body, the *Weston* court referred to the trial judge's finding concerning the application of the FOIA to corporations accepting payment from public bodies. The court discussed a situation where a business enterprise receives payment from public bodies in return for supplying specific goods or services on an arm's length basis. The court stated that in such a case "there is an exchange of money for identifiable goods or services," and the enterprise is not necessarily subject to the FOIA. *Id.* at 404, 401 S.E.2d at 165.

In the case before the court, to find that Respondent is a public body we must find that it is (partially) *supported* by the loans and interest rate it receives. Appellant contends that the loans Respondent acquired from the RUS were not arm's length transactions representing the requisite *quid pro quo* exchange. In essence, Appellant contends that the favorable interest rate enjoyed by Respondent constitutes the "support ... by public funds" referred to in § 8–27–10(1). Respondent argues that by providing electrical service in rural areas, the Cooperative met the *quid pro quo* condition. Respondent

cannot obtain the loans unless it complies with the requirements set out in the Rural Electrification Act.

Here, Respondent secured an identifiable loan as opposed to the grants utilized by the respondents in *Weston*. Under the reasoning of Appellant's argument, Respondent would be deemed a public body simply because it enjoys a favorable interest rate on a loan. As the trial judge noted, "to so hold would carry the Whistleblower Act far beyond that which was intended by the Legislature in creating the Act." As noted above, the cooperatives receive these low interest loans because they are providing electricity to areas that would not otherwise have electrical service. Similarly, many farmers and small business receive favorable interest rates on loans, because they are performing certain services. Just as the FOIA does not apply to enterprises that accept payment from public bodies in exchange for services, the Whistleblower Act does not apply to Respondent, who provides electricity to rural areas in exchange for loans with beneficial interest rates.

We decline to hold that these loans constitute the "support" that would transform Respondent into a public body under the Whistleblower Act. We therefore affirm the findings of the trial judge.

**AFFIRMED.**

HOWELL, C.J., and HUFF and HOWARD, JJ., concur.