**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sisters of Charity Providence Hospitals, Respondent,

v.

Palmetto Health, Appellant.

Appellate Case No. 2017-001726

———————————

Appeal From Richland County
Thomas A. Russo, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-276
Heard November 7, 2019 – Filed July 21, 2021

———————————

**REVERSED**

———————————

Celeste Tiller Jones, Jane W. Trinkley, and Robert L. Widener, all of Burr & Forman, LLP, of Columbia for Appellant.

James G. Carpenter, of Carpenter Law Firm, PC, of Greenville, for Respondent.

———————————

**PER CURIAM:** Palmetto Health appeals the trial court's orders declaring Palmetto Health is a public body subject to the South Carolina Freedom of

Information Act (FOIA)[1], requiring it to provide Sisters of Charity Providence Hospitals (Providence) with all requested records, and granting Providence attorney's fees.  We reverse.

We agree with Palmetto Health's argument that the trial court erred in holding it was a public body subject to the FOIA.

"The interpretation of a statute is a question of law."  *DomainsNewMedia.com, LLC v. Hilton Head Island-Bluffton Chamber of Com.*, 423 S.C. 295, 300, 814 S.E.2d 513, 516 (2018) (quoting *Sparks v. Palmetto Hardwood, Inc.*, 406 S.C. 124, 128, 750 S.E.2d 61, 63 (2013)).  "This Court may interpret statutes, and therefore resolve this case, 'without any deference to the court below.'"  *Id.* (quoting *Brock v. Town of Mount Pleasant*, 415 S.C. 625, 628, 785 S.E.2d 198, 200 (2016)).

"FOIA was enacted to promote transparency in government."  *Id.* at 297, 814 S.E.2d at 514.  "Thus, FOIA 'must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay.'"  *Id.* at 298, 814 S.E.2d at 514 (quoting § 30-4-15 (2007)).  "To further its purpose of a transparent government, 'FOIA subjects a "public body" to record disclosure.'"  *Id.* at 301, 814 S.E.2d at 516 (quoting *Disabato v. S.C. Ass'n of Sch. Adm'rs*, 404 S.C. 433, 442, 746 S.E.2d 329, 333 (2013)).  "Among those entities defined as a public body subject to the statute are 'any organization, corporation, or agency supported in whole or in part by public funds or expending public funds'"  *Disabato*, at 442, 746 S.E.2d at 333 (quoting § 30-4-20(a)).  Application of the FOIA to the statutorily defined public bodies serves the governmental interest of "ensuring transparency and accountability in the expenditure of public funds."  *Id.* at 455, 746 S.E.2d at 340.  In *Disabato*, our supreme court explained, "If public bodies were not subject to the FOIA, governmental bodies could subvert the FOIA by funneling State funds to nonprofit corporations so that those corporations could act, outside the public's view, as proxies for the State."  *Id.*  However, in *DomainsNewMedia.com*, the supreme court reiterated its rejection of "the suggestion that the mere receipt or expenditure of public funds automatically and categorically transformed an otherwise private entity into a public body triggering the full panoply of FOIA requirements."  423 S.C. at 305, 814 S.E.2d at 518.

---

[1] S.C. Code Ann. §§ 30-4-10 to -165 (2007 & Supp. 2020).

In *Weston v. Carolina Research and Development Foundation*, the supreme court held a nonprofit foundation operated for the benefit of the University of South Carolina was subject to the FOIA as a public body. 303 S.C. 398, 403, 401 S.E.2d 161, 164 (1991). It elucidated, "[W]hen a block of public funds is diverted *en masse* from a public body to a related organization, or when the related organization undertakes the management of the expenditure of public funds, the only way that the public can determine with specificity how those funds were spent is through access to the records and affairs of the organization receiving and spending the funds." *Id.* at 404, 401 S.E.2d at 165. The court noted its decision did not hold "that the FOIA would apply to business enterprises that receive payment from public bodies in return for supplying specific goods or services on an arms length basis." *Id.* It explained, "In that situation, there is an exchange of money for identifiable goods or services and access to the public body's records would show how the money was spent." *Id.*

In *Disabato*, the supreme court clarified the FOIA's application to non-governmental entities was limited. 404 S.C. at 456, 746 S.E.2d at 341. The majority of the court rejected the dissent's interpretation of the FOIA "as applying to a private organization that receives even a negligible amount of public funding for a discrete purpose." *Id.* Instead, it explained, "We made clear in *Weston* that the FOIA only applies to private entities who receive government funds *en masse*." *Id.* It elucidated, "The FOIA would not apply to a private entity that receives public funds for a specific purpose. For example, the FOIA would not apply to a private organization that receives public funds to operate a childcare center or healthcare clinic." *Id.* The FOIA would apply, however, "to any private organization that is generally supported by public funds." *Id.*[2]

In *DomainsNewMedia.com*, the supreme court distinguished *Weston*, and found the Hilton Head Island-Bluffton Chamber of Commerce was not a public body even

---

[2] Providence contends (and the trial court held) this language in *Disabato* was merely dicta. While the supreme court did not rule on the issue of whether the South Carolina Association of School Administrators was a public body subject to the FOIA, its recognition of the limitations of the FOIA as applied to non-governmental entities was crucial to its holding "the FOIA does not burden substantially more speech than necessary" to accomplish its purpose. *Disabato*, 404 S.C. at 457, 746 S.E.2d 329 at 341. Therefore, we believe *Disabato* is as instructive as *Weston*.

though it received and expended accommodation tax funds as the designated marketing organization (DMO) for several local governments pursuant to section 6-4-10 of the South Carolina Code (Supp. 2020) and from grants from the Department of Parks, Recreation, and Tourism.  423 S.C. at 304-07, 814 S.E.2d at 518-19.  It expounded,

> Here, as noted, there is a specific statute (or proviso) that directs the local governments to select a DMO to manage the expenditure of certain tourism funds and requires the governments to maintain oversight and responsibility of the funds by approving the proposed budget and receiving an accounting from the DMO.  Thus, this is not the situation found in *Weston* wherein the funds were intended to be given to a public body and, instead, were diverted to a private organization to be spent without oversight.  Through the [statute and proviso] there are accountability measures in place and the public has access to information regarding how the funds are spent.  Therefore, the concern in *Weston* regarding the lack of a legislatively sanctioned process mandating oversight, reporting, and accountability is not present in the expenditure of these funds.

*Id.* at 306, 814 S.E.2d 513, 519.

Unlike the Foundation in *Weston*, Palmetto Health does not operate for the sole benefit of the State and is not an organization otherwise related to the State.  It is not generally supported by public funds as the public funding Palmetto Health receives from governmental grants constitutes a miniscule portion of its revenue and accounts for none of its income because Palmetto Health only moves grant monies into income when it has expenses equal to that amount.

The governmental funds are not given to Palmetto Health "*en masse*."  Rather, the governmental grantors provide the funds to Palmetto Health for the specific purposes of fulfilling the obligations specified in the grants.  David Lee, Palmetto Health's Director of Financial Forecasting, stated the grantors direct how the money from the grants can be spent.  The grant reimburses Palmetto Health only once Palmetto Health personnel provide the goods and services obligated by the grant.  Lee emphasized the funds it received were equal to the expenditures it incurred.  Lee asserted Palmetto Health has never received unrestricted government monies and in order to receive any funds from government grants, it

has to perform the services as directed under the granting documents. Furthermore, as in *DomainsNewMedia.com*, the grants Palmetto Health receives include requirements for strict accounting, documentation, and reporting to the grantors.  The public would be able to determine with specificity how the funds were spent by seeking this information from the governmental grantors.  Thus, the FOIA does not need to be extended to a private grant recipient to ensure transparency in the expenditure of public funds.

We agree with Palmetto Health's assertion the trial court erred in relying on Palmetto Health's voluntary compliance with the FOIA in the past.  Although Palmetto Health has given public notice of its board meetings, which included both public and executive sessions and responded to prior FOIA requests without contest, its prior voluntary conduct does not preclude it from asserting now that it is not a public body pursuant to the FOIA.

We hold Palmetto Health is not a public body and is, therefore, not subject to the FOIA.  Accordingly, we reverse the trial court's order compelling Palmetto Health to provide Providence with all requested documents.  As Providence is no longer the prevailing party, we also reverse the trial court's award of attorney's fees to Providence.  *See* § 30-4-100(b) (providing for an award of attorney's fees in a FOIA dispute to the prevailing party); *Heath v. Cnty. of Aiken*, 302 S.C. 178, 182-83, 394 S.E.2d 709, 711 (1990) (defining a prevailing party as "[t]he one who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of the original contention [and] is the one in whose favor the decision or verdict is rendered and judgment entered" (alteration in original) (quoting *Buza v. Columbia Lumber Co.*, 395 P.2d 511, 514 (Alaska 1964))).[3]

**REVERSED.**

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**

---

[3] We decline to address Palmetto Health's remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address remaining issues when disposition of a prior issue is dispositive).