23435

Brittie BELLAMY, Appellant v. Chuck BROWN, individually and in his capacity as the Chairman of the Horry County Council on Aging, Inc.; Steve Dawsey, individually and in his capacity as a member of the Board of Directors of the Horry County Council on Aging, Inc.; and the Horry County Council on Aging, Inc., Respondents.

(408 S.E. (2d) 219)

Supreme Court

Thomas J. Rubillo, Georgetown, for appellant.

Phillip Luke Hughes, Myrtle Beach, for respondents.

Heard March 18, 1991.

Decided July 22, 1991.

TOAL, Justice:

Brittie Bellamy (appellant) appeals from summary judgment dismissing her action against her former governmental employer for breach of a claimed duty of confidentiality arising from the Freedom of Information Act (FOIA), S.C. Code Ann. § 30-4-10—110 (1991). We affirm.

## FACTS

Bellamy was removed from her job as Executive Director of the Horry County Council on Aging (HCCOA) on August 20, 1987. After Bellamy was fired, respondents Chuck Brown and Steve Dawsey, members of the Board of HCCOA, were contacted by a reporter from a local newspaper. Bellamy filed a complaint based on Brown and Dawsey's comments[1] to the reporter, claiming defamation, invasion of privacy and violation of FOIA.

---

[1] In response to the reporter's questions, the following comments were made by either Dawsey or Brown:

We've been receiving complaints from clients and after receiving complaints, we began to talk to former Board members who had complaints about the administration of the Agency. There has also been community members concerned about the way clients have been treated. We are concerned about that and it is because of those complaints that we felt we needed to ask Mrs. Bellamy to resign.

Needs of the clients were not being met and the clients were not being reached out to like they should have been.

Basically, participants were led to believe they had to pay before they could get the services, and that's not the way it is. . . . I just don't feel like they were being treated fairly.

On March 1, 1989, the circuit court dismissed the invasion of privacy action. The case was then removed from the roster pursuant to SCRCP 40(c)(3). Upon restoration of the case to the roster, Bellamy filed an amended complaint, alleging only breach of a FOIA duty of confidentiality.

Bellamy then moved for partial summary judgment. Dawsey, Brown and HCCOA moved to dismiss the complaint under SCRCP 12(b)(6). Without objection by either side, the lower court converted the 12(b)(6) motion to a Rule 56 motion for summary judgment. He then granted summary judgment in favor of respondents pursuant to SCRCP 56. This appeal ensued.

## LAW/ANALYSIS

The dispositive issue in this case is whether the FOIA establishes a statutory duty of confidentiality. Bellamy contends that §§ 30-4-40(a)(1), (2) and 30-4-70(a)(1) create a cause of action for breach of confidentiality pursuant to *Jensen v. South Carolina Department of Social Services*, 297 S.C. 323, 377 S.E. (2d) 102 (Ct. App. 1988).

Because the General Assembly found it "vital . . . that public business be performed in an open and public manner, the FOIA was enacted for the purpose of making it "possible for citizens, or their representatives, to learn and report fully the activities of their public officials." § 30-4-15.

Sections 30-4-40 and 30-4-70 exempt certain matters from disclosure. Section 30-4-40(a)(2) provides: "(a) The following are exempt from disclosure under the provisions of this chapter: (2) information of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy, including, but not limited to, information as to gross receipts contained in applications for business licenses."

Section 30-4-70(a)(1) states:

> (a) A public body may hold a meeting closed to the public for one or more of the following reasons:

---

They had heard reports fees were being charged for meals without clients being informed the meals were free.

[They] had sufficient evidence and complaints to remove her from office, and that there was overwhelming evidence supporting her termination from employment.

(1) Discussion of employment, appointment, compensation, promotion, demotion, discipline, or release of an employee, a student, or a person regulated by a public body or the appointment of a person to a public body; however, if an adversary hearing involving the employee or client is held such employee or client has the right to demand that the hearing be conducted publicly. Nothing contained in this item shall prevent the public body, in its discretion, from deleting the names of the other employees or clients whose records are submitted for use at the hearing.

As noted in *Jensen v. Anderson County DSS*, 403 S.E. ■ (2d) 615 (S.C. 1991), public officials are immune from private causes of action under the public duty rule, which holds that "public officials are generally not liable to individuals for their negligence in discharging public duties as the duty is owed to the public at large rather than [to] anyone individually." *Jensen, supra*, 403 S.E. (2d) at 617; *Parker v. Brown*, 195 S.C. 35, 10 S.E. (2d) 625 (1940). Since the FOIA obviously creates a public duty, Bellamy must show that respondents owed her individually a special duty of confidentiality.

In determining whether a special duty arises from a ■ statute, a court should consider whether:

(1) an essential purpose of the statute is to protect against a particular kind of harm;

(2) the statute, either directly or indirectly, imposes on a specific public officer a duty to guard against or not cause that harm;

(3) the class of persons the statute intends to protect is identifiable before the fact;

(4) the plaintiff is a person within the protected class;

(5) the public officer knows or has reason to know the likelihood of harm to members of the class if he fails to do his duty; and

(6) the officer is given sufficient authority to act in the circumstances or he undertakes to act in the exercise of his office.

*Jensen, supra*, 403 S.E. (2d) at 617, 617; *Rayfield v. South Carolina Department of Corrections*, 297 S.C. 95, 374 S.E. (2d) 910 (Ct. App. 1988), cert. denied 298 S.C. 204, 379 S.E. (2d) 133 (1989).

In applying this test to the facts of this case, we find that the essential purpose of the FOIA is to protect the public from secret government activity. Sections 30-4-40(a)(2) and 30-4-70(a)(1) provide general exceptions to disclosure by exempting certain matters from disclosure. Bellamy, however, urges protection of her rights as an individual while the FOIA protects a clearly identifiable class, the class protected is the public. Nowhere do §§ 30-4-40 and -70 purport to protect individual rights. In addition, respondents could not have foreseen how their remarks would have harmed Bellamy as a member of the public.

Moreover, we are persuaded by the United States Supreme Court's decision in *Chrysler Corp. v. Brown*, 441 U.S. 281, 99 S. Ct. 1705, 60 L. Ed. (2d) 208 (1979), in which Chrysler raised the question whether the federal version of the FOIA, 5 USC § 552 *et seq.*, *ex proprio vigore* forbids governmental agencies from disclosing certain classes of information to the public. As Bellamy contends here, Chrysler contended that the Act's nine exceptions require an agency to withhold exempted material.

The Supreme Court unanimously disagreed and held that the federal FOIA is exclusively a disclosure statute and cannot be used to enforce the confidentiality of records. The Supreme Court stated that the Act's exemptions demarcate an agency's obligation to disclose but do not foreclose disclosure. In addition, the Court noted that the "Act is an attempt to meet the demand for open government while preserving workable confidentiality in governmental decisionmaking." *Id.* at 292, 99 S. Ct. at 1713.

We find the Supreme Court's analysis of the essential purpose of the federal FOIA applicable by analogy to South Carolina's FOIA. The essential purpose of each is the same. The FOIA creates an affirmative duty on the part of public bodies to disclose information. The purpose of the Act is to protect the public by providing for the *disclosure* of information. However, the exemptions from disclosure contained in §§ 30-4-40 and -70 do not create a duty not to disclose. These exemptions, at most, simply allow the public agency the discretion to withhold exempted materials from public disclosure. No legislative intent to create a duty of confidentiality can be found in the language of the Act. We hold, therefore, that no special duty of confidentiality is established by the FOIA.

In light of our disposition of this case, we need not reach Bellamy's remaining exception.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.