24124

SOUTH CAROLINA TAX COMMISSION, Appellant-Respondent v. GAS-
TON COPPER RECYCLING CORPORATION, Edward M. Parler, in
his official capacity as the Administrator of Lexington County, AT&T
Nassau Metals Corporation, The State-Record Co., and Lexington
County School District Four, of whom Lexington County School District
Four and The State-Record Co., Inc., are Appellants-Respondents, and
Gaston Copper Recycling Corporation and AT&T Nassau Metals Corpo-
ration are Respondents-Appellants, and Edward M. Parler, in his official
capacity as the Administrator of Lexington County is a Respondent.

(447 S.E. (2d) 843)

Supreme Court

*Ray N. Stevens,* Columbia, *for appellant-respondent South Carolina Tax Com'n.*

*Jay Bender,* of *Baker, Barwick, Ravenel & Bender,* Columbia, *for appellant-respondent The State-Record Co., Inc.*

*Kenneth L. Childs, David T. Duff, David E. Dubberly,* of *Childs & Duff, P.A.,* Columbia, *for appellant-respondent Lexington County School Dist. Four.*

*Robert W. Dibble, Jr.* and *Elizabeth F. Mallin, of McNair &
Sanford, P.A.,* Columbia, *for respondent-appellant Gaston
Copper Recycling Corp.*

*Joseph M. Melchers, James Y. Becker, of Nelson Mullins
Riley & Scarborough,* Columbia, *for respondent-appellant
AT&T Nassau Metals Corp.*

*Jeffrey M. Anderson,* of *Bouknight, Nicholson, Davis,
Frawley & Anderson,* of Lexington *for respondent Edward
M. Parler, in his official capacity as Adm'r of Lexington
County.*

Heard June 8, 1994.

Decided July 18, 1994.

MOORE, Justice:

This appeal is from an order finding disclosable information
filed by a taxpayer regarding the property tax assessment of
a manufacturing facility. We affirm.

## FACTS

The South Carolina Tax Commission[1] commenced this
declaratory judgment action to determine whether under the
Freedom of Information Act (FOIA) it should release certain
information to the Lexington County Administrator. The in-
formation in question pertains to the property tax assessment
on a facility in Lexington County owned by Gaston Copper
Recycling Corporation which refines scrap copper.

Gaston Copper purchased the facility from AT&T Nassau
Metals Corporation in 1990 for $7.8 million. While AT&T
owned the facility, the property was assessed for ad valorem
taxes at $59.6 million. After the purchase, Gaston Copper
protested the assessment and Tax Commission reassessed the
property at $14,529,000. Gaston Copper then contested the re-
duced assessment and submitted in support its two-volume
purchase agreement with AT&T and a three-volume environ-
mental impact report prepared in connection with the sale.
That appeal is still pending.

Meanwhile, because of the resulting reduction in the
county's tax base, the Lexington County Administrator filed a

---

[1]Now the Department of Revenue and Taxation.

request under the FOIA for all information pertaining to the assessment of the property. Since Gaston Copper objected to disclosure of the information, Tax Commission commenced this action. School District Four and The State-Record were permitted to intervene in seeking disclosure; AT&T was permitted to intervene against disclosure.

The trial judge ruled that the purchase agreement and environmental report were subject to release under the FOIA. He further issued a protective order staying release of the information pending the outcome of an appeal to this Court. All parties except the Lexington County Administrator appealed.[2]

## ISSUES

1. Is the information in question subject to disclosure under the FOIA?

2. Is the information rendered confidential by Tax Commission's conduct?

## DISCUSSION

### A. *FOIA*

Gaston Copper and AT&T (hereinafter "appellants") appeal the trial judge's ruling that the purchase agreement and environmental report are subject to disclosure under the FOIA.

The FOIA provides that any person has a right to inspect or copy "any public record of a public body" unless an exemption listed in § 30-4-40 applies. S.C. Code Ann. § 30-4-30(a) (1991). Under S.C. Code Ann. § 30-4-20(c) (1991), "public record" is broadly defined to include all documentary materials "prepared, owned, used, in the possession of, or retained by a public body" with specific exceptions not applicable here. This section further provides that records required by law to be closed to the public are not made open to the public by the FOIA. Appellants claim the information sought here is required to be closed to the public by the Tax Code and therefore is not disclosable under the FOIA.

---

[2]We need not address appellants/respondents' appeal of the protective order staying release of the information since that appeal is now moot. *See Knight Publishing Co. v. Univ. of South Carolina*, 295 S.C. 31, 367 S.E. (2d) 20 (1988).

### 1. *Does the Tax Code prevent disclosure of the property tax information in this case?*

The trial judge held the purchase agreement and environmental report are not required to be kept confidential under the Tax Code because they were submitted to Tax Commission in the course of a property tax appeal. We agree.

S.C. Code Ann. § 12-54-240 (Supp. 1993) governs the disclosure of information filed with Tax Commission. It provides in pertinent part:

> (A) Except in accordance with proper judicial order or as otherwise provided by law it is unlawful for any person to divulge or make known in any manner any particulars set forth or disclosed in any report or return required under Chapters 7, 15, 16, 17, 35, or 36 of this title.

The referenced chapters involve: income tax (chapter 7); estate tax (chapters 15 & 16); gift tax (chapter 17); retail license, sales and use tax (chapters 35 & 36). Property tax is excluded from the nondisclosure provisions of § 12-54-240.

Appellants argue, however, that property tax information is included in § 12-54-240 via S.C. Code Ann. § 12-54-190 (Supp. 1993) which provides:

> Unless otherwise specified, the provisions of this chapter [Chapter 54] take precedence over all other related statutory provisions.
> *The provisions of this chapter [Chapter 54] apply to returns filed with or assessments issued by the commission as they relate to property tax* and forest renewal. (Emphasis added.)

Section 12-54-190 was enacted after § 12-54-240 and therefore arguably would apply to render property tax information nondisclosable under § 12-54-240.

A careful reading of § 12-54-240, however, indicates this could not have been the intent of the legislature in enacting § 12-54-190. Section 12-54-240, which generally prevents disclosure, includes specific provisions *allowing* disclosure only in certain defined circumstances. For instance, § 2-54-240(B)(9) allows Tax Commission's disclosure of sales and use tax information to county and municipal officials even though sales and use tax information is generally not disclosable.

Similarly, in the context of property tax, Tax Commission is charged with assessing manufacturers' real and personal property and forwarding these assessments to the local taxing authorities. S.C. Code Ann. § 12-37-970 (Supp. 1993). If the enactment of § 12-54-190 was intended to bring property tax within the nondisclosure provisions of § 12-54-240 as appellants contend, it would impliedly repeal the forwarding requirement of § 12-37-970[3] since no exception was added to § 12-54-240 to allow the disclosure to local taxing authorities.

■ In giving effect to legislative intent, we are constrained to avoid an absurd result. *See Powell v. Red Carpet Lounge,* 280 S.C. 142, 311 S.E. (2d) 719 (1984). Since the legislature could not reasonably have intended to prevent disclosure of Tax Commission assessments to local taxing authorities, we conclude § 12-54-190 does not alter the nondisclosure provisions of § 12-54-240. Accordingly, we hold the Tax Code does not prevent disclosure of the property tax information in this case.

### 2. *Is the information in question related solely to property tax?*

■ Appellants contend the purchase agreement and environmental report relate to *all* taxes, not just property tax, and therefore they are not disclosable since income tax and sales and use tax information is confidential. Appellants point to Tax Commission's response to request for admission in which Tax Commission states:

> the primary reason for obtaining the documents was for the purpose of determining the fair market value of the facility. *The sole purpose, however, was for matters involving all taxes.* (Emphasis added.)

There is no indication in the record, however, that these documents were used in any way relating to any tax other than property tax. Tax Commission counsel testified, in fact, they were used only for property tax purposes.

### 3. *Do FOIA exemptions apply to render the information confidential?*

Appellants argue the information in question is not subject to disclosure because it falls within an FOIA exemption under

---

[3]The forwarding requirement was enacted in 1988 before enactment of the pertinent provision in § 12-54-190.

S.C. Code Ann. § 30-4-40(a)(2) (1991). This section provides an exemption for:

> (2) Information of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy, including, but not limited to, information as to gross receipts contained in applications for business licenses.

This Court has held that exemptions to the FOIA found in § 30-4-40, and specifically subsection (a)(2), create no duty of confidentiality. *Bellamy v. Brown*, 305 S.C. 291, 408 S.E. (2d) 219 (1991). The purpose of the FOIA is to protect the public from secret government activity. The exemptions impose no duty *not* to disclose but simply allow the public agency the discretion to withhold exempted material from disclosure. *Id.* In this case, the public agency (Tax Commission) wishes to exercise its discretion in favor of disclosure and is not seeking to invoke an exemption. Since § 30-4-40(a)(2) creates no duty of confidentiality, Tax Commission may disclose the information.

Appellants also contend the exemption for trade secrets found in § 30-4-40(a)(1) prevents disclosure. Again, under this Court's decision in *Bellamy, supra*, even if the information qualifies as trade secrets, the exemption creates no duty of confidentiality and Tax Commission may disclose it at its discretion.

In conclusion, the FOIA exemptions do not prevent disclosure of the information in question.

### B. *Tax Commission's Conduct*

Appellants argue the evidence demonstrates Tax Commission obtained the information in question "upon the understanding by Gaston Copper that the information was exempt from disclosure." Appellants further contend Gaston Copper did nothing to waive confidentiality and Tax Commission should be bound by it.

The threshold inquiry here is whether the record supports the conclusion Tax Commission agreed the information would be kept confidential.[4] Melane Pike, an at-

---

[4] In an action at law tried by the judge alone, his findings of fact will not be disturbed unless unsupported by any evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976).

torney employed by Tax Commission, testified that initially Gaston Copper was unwilling to give Tax Commission copies of the purchase agreement and environmental report after being told the information would *not* be kept confidential. Arrangements were then made for Tax Commission employees to view the documents at Gaston Copper's facility. On their first visit to view the documents, Ms. Pike was asked to sign a confidentiality agreement which she refused to do. Tax Commission employees began reviewing the documents that day and returned to the plant for two days but did not complete their review. Sometime thereafter Gaston Copper decided to surrender the documents.

Joe Dennis Harrod, custodian of the documents in question, was at the meeting with Tax Commission employees. He testified that Ms. Pike refused to sign the confidentiality agreement because the information was confidential by statute and no agreement was needed.

The trial judge found the facts did not support Gaston Copper's assertion that Tax Commission represented the documents would be kept confidential. Further, he found "even if the information could be shown to have been received as confidential, such an act is beyond the authority of a Tax Commission employee." He concluded Tax Commission would not be bound by an employee's promise of confidentiality.

Appellants do not challenge the trial judge's conclusion that even if Ms. Pike made the representation alleged, it was beyond her authority and therefore not binding on Tax Commission. This Court will affirm where an appellant fails to appeal the alternative ground of a trial judge's ruling. *Biales v. Young,* — S.C. —, 432 S.E. (2d) 482 (1993). Moreover, the fact that the proposed confidentiality agreement was unsigned supports the conclusion no confidentiality was promised.

In conclusion, appellants have failed to show any error in the trial judge's finding there was no promise of confidentiality. We need not address appellants' waiver argument.

Affirmed.

CHANDLER, Acting C.J., FINNEY and TOAL, JJ., and WILLIAM L. HOWARD, Acting Associate Justice, concur.