**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

E. Shawn Sorrell, Appellant,

v.

South Carolina Department of Public Safety, Respondent.

Appellate Case No. 2012-212714

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2014-UP-017
Heard December 11, 2013 – Filed January 15, 2014

**AFFIRMED**

John A. O'Leary, of O'Leary Associates, P.A., of
Columbia, for Appellant.

Vance J. Bettis, of Gignilliat, Savitz & Bettis, LLP, of
Columbia, for Respondent.

**PER CURIAM:** This appeal involves Respondent South Carolina Department of Public Safety's (DPS) termination of Appellant Shawn Sorrell's employment. On appeal, Sorrell argues the Administrative Law Court (ALC) erred by using an incorrect legal standard to determine the existence of probable cause. Sorrell also

argues the State Employee Grievance Committee (the Committee) violated his due process rights based on the Committee's procedure for compiling and distributing exhibits to the Committee's members and holding the second day of the hearing forty-three days after the first day of the hearing.  We affirm.

1.  We find the two-issue rule requires affirmance of the ALC's decision.  DPS fired Sorrell for two independent reasons: (1) for improperly arresting the individuals without probable cause and (2) for his improper conduct during that arrest.  The ALC affirmed both reasons, and the issues presented to this court relate only to one of the bases for the firing.  Accordingly, the two-issue rule requires affirmance of the ALC's decision because Sorrell failed to raise or argue the issue of improper conduct on appeal to this court.  *See Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) (providing that "[u]nder the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds"); *S.C. Tax Comm'n v. Gaston Copper Recycling Corp.*, 316 S.C. 163, 170, 447 S.E.2d 843, 847 (1994) ("This Court will affirm where an appellant fails to appeal the alternative ground of a trial [court's] ruling."); *First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct. App. 1998) ("It is a fundamental rule of law that an appellate court will affirm a ruling by a lower court if the offended party does not challenge that ruling.").

2.  We find Sorrell failed to preserve his due process arguments for appellate review.  *See Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 21, 698 S.E.2d 612, 623 (2010) (noting to preserve an issue for appellate review, a party may not raise an issue for the first time on appeal); *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the agency are not preserved for judicial consideration."); *id.* ("Likewise, issues not raised to and ruled on by the [ALC] are not preserved for appellate consideration.").

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**