22496

Craig HAWKINS, By and Through his Guardian ad Litem, Linda HAWKINS, Respondent v. MULTIMEDIA, INC., Appellant.

(344 S. E. (2d) 145)

Supreme Court

*David L. Freeman* and *Carl F. Muller* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for appellant.*

*C. Robert Faucette* and *Terry Haselden* of *Faucette & Rudasill,* Spartanburg, *for respondent.*

Heard Nov. 19, 1985.

Decided March 11, 1986.

NESS, Chief Justice:

This is an action by a minor child, respondent Craig Hawkins, against appellant Multimedia for invasion of privacy. Craig obtained a verdict against Multimedia for $1,500 actual and $25,000 punitive damages. We affirm.

Multimedia published a story in its newspaper concerning the problem of teenage pregnancies. A sidebar article identified Craig as the teenage father of an illegitimate child. The majority of the article focused on the unmarried teenage mother.

The teenage mother told Multimedia's reporter that Craig was the father of her child. The reporter called Craig's home, identified herself to Craig's mother and engaged her in conversation. She reached Craig in a later telephone call, identified herself and asked him questions. Craig was reluctant to answer questions and terminated the conversation in

three or four minutes. In neither call did the reporter request permission to identify or quote Craig.

The trial judge charged the jury, over Multimedia's objection, that a minor cannot consent to an invasion of his privacy. Multimedia asserts this was error. We find it unnecessary to reach this issue.

Invasion of privacy is a cause of action sounding in tort. *Rycroft v. Gaddy*, 281 S. C. 119, 314 S. E. (2d) 39 (S. C. App. 1984). A defendant may avoid liability for invasion of privacy by showing the injured party consented to the publication of facts about his private life. 62 Am. Jur. (2d), *Privacy*, Section 18. Since consent is a matter to be raised by the defendant, it has the burden of proof on that issue. See, *O'Neal v. Carolina Farm Supply of Johnston*, 279 S. C. 490, 309 S. E. (2d) 776 (S. C. App. 1983). Consent may be found where the evidence shows a voluntary agreement to do something proposed by another, and the party consenting possesses sufficient information and ability to make an intelligent choice. 15A CJS, *Consent*, pp. 573-577.

Multimedia failed to introduce any evidence of Craig's consent. While Craig did not terminate the conversation immediately, it was brief and he was "very shy." The reporter never asked Craig if she could use his name in a newspaper article. Craig understood the newspaper was doing a "survey" on teenage pregnancy, and he was never told he would be identified in an article. Since there was no evidence of Craig's consent, we need not decide the standard by which a minor's consent is to be determined.

Multimedia next asserts the trial judge erred in not directing a verdict in its favor because the matter reported was of general interest. The right of privacy does not prohibit the publication of matter which is of legitimate public or general interest. Public or general interest does not mean mere curiosity, and newsworthiness is not necessarily the test. *Meetze v. Associated Press*, 230 S. C. 330, 95 S. E. (2d) 606 (1956). *See* also, *Rycroft v. Gaddy*, *supra*. We held in *Meetze*, *supra*, that a twelve-year-old girl giving birth to a child was "biological occurrence which would naturally excite public interest." *Id.* at 610. Ordinarily, however, whether a fact is a matter of public

interest is a question of fact to be decided by the jury. We find no error in submitting this issue to the jury.

Multimedia also asserts error in the refusal of the ■■ trial judge to charge that malice must be shown by clear and convincing evidence. Malice need not be shown to recover for invasion of privacy. 62 Am. Jur. (2d), Privacy, Section 15. Malice is relevant only when the plaintiff is seeking punitive damages. *Id.* Section 47. The issue of the burden of proof for punitive damages was not raised at trial, and may not be raised at trial, and may not be raised for the first time on appeal. *Hubbs v. Government Employees Insurance Company*, 340 S. E. (2d) 532 (1986).

Multimedia's remaining exceptions are without merit and are affirmed pursuant to Supreme Court Rule 23.

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.