23660

NEWBERRY PUBLISHING CO., INC., d/b/a The Newberry Observer, Appellant v. NEWBERRY COUNTY COMMISSION ON ALCOHOL AND DRUG ABUSE, Defendant, and Intervenor South Carolina State Law Enforcement Division, Respondent.

(417 S.E. (2d) 870)

Supreme Court

*Jay Bender, S. Markey Stubbs,* and *Jeffrey M. Nelson,* all of *Baker, Barwick, Ravenel & Bender,* Columbia, *for appellant.*

*Chief Deputy Atty. Gen. Edwin E. Evans, Deputy Atty. Gen. Charles W. Gambrell, Jr.,* and *Asst. Atty. Gen. Samuel L. Wilkins,* Columbia, *for respondent.*

Heard April 7, 1992.

Decided May 26, 1992.

HARWELL, Chief Justice:

Appellant Newberry Publishing Co., Inc., d/b/a The New-berry Observer (Observer), initiated this action pursuant to the South Carolina Freedom of Information Act (FOIA),[1] seeking the disclosure of a criminal investigative report pre-pared by respondent South Carolina Law Enforcement Divi-sion (SLED). The trial judge denied the Observer access to any portion of the report. We reverse.

## I. FACTS

The Observer commenced this action against Newberry County Commission on Alcohol and Drug Abuse (Commis-sion) seeking access to a report prepared by SLED and in the possession of the Commission. Thereafter, the Observer ob-tained a temporary restraining order enjoining the Commis-sion from relinquishing possession of the SLED report pend-ing resolution of the lawsuit. Pursuant to an agreement be-tween the Observer and the Commission, copies of the docu-ment were deposited with the Newberry County Clerk of Court as custodian.

Contemporaneously with the granting of the temporary re-straining order, SLED was allowed to intervene to assert its interest in maintaining the confidentiality of the criminal in-vestigative report.[2] After holding a hearing and conducting an *in camera* review of the report, the trial judge entered an order refusing to require SLED to disclose any portion of the criminal investigative report and dissolving the temporary re-straining order. The Observer appeals.

## II. DISCUSSION

The FOIA provides that "[a]ny person has a right to inspect or copy any public record of a public body, except as other-wise provided by § 30-4-40 . . ." S.C. Code Ann. § 30-4-30

---

[1] S.C. Code Ann. §§ 30-4-10 to 30-4-110 (1991).

[2] After SLED became a party to the case, the Commission advised the trial judge that it had no further interest in the litigation and that it would agree to be bound by the decision of the court. Accordingly, the Commission was ex-cused from further participation in the matter.

(1991).[3] Section 30-4-40(a) lists various matters which are exempt from disclosure, including:

> (3) Records of law enforcement and public safety agencies not otherwise available by law that were compiled in the process of detecting and investigating crime *if the disclosure of the information would harm the agency by:*
>
> (A) Disclosing identity of informants not otherwise known.
> (B) The premature release of information to be used in a prospective law enforcement action;
> (C) Disclosing investigatory techniques not otherwise known outside the government;
> (D) By endangering the life, health, or property of any person. (Emphasis added.)

Section 30-4-40(b) provides that:

> If any public record contains material which is not exempt under subsection (a) of this section, the public body shall separate the exempt and nonexempt material and make the nonexempt material available in accordance with the requirements of this chapter.

The Observer contends that the trial judge erred in failing to segregate the nonexempt and exempt portions of the report and to provide the Observer with the nonexempt material, as is mandated by section 30-4-40(b). We agree.

SLED takes the position that it is not required to release any information contained in criminal investigative reports.[4] In fact, a captain from SLED testified that SLED's policy is to routinely deny any FOIA request which seeks information contained in a criminal investigative report. Pursuant to this policy, SLED refused to provide the Observer with any of the documents contained in the report, including documents which were already in the public domain and could be ob-

---

[3] Neither party contests the fact that SLED is a public body and that the report is a public record within the meaning of the definitions in section 30-4-20.

[4] In support of its argument, SLED relies on various federal cases. However, SLED's reliance on these cases is misplaced; the exemptions contained in the federal FOIA are more expansive than those contained in South Carolina's FOIA. *See* 5 U.S.C.A. § 552(b) (1977 and Supp. 1992).

tained from other sources. We find that SLED's policy of denying all FOIA requests for criminal investigative reports, without determining whether portions of the report are subject to disclosure, is in direct contravention of the clear language of the FOIA.

If the legislature had wanted to create a blanket exemption for all criminal investigative reports, regardless of content, it clearly could have done so. Instead, the legislature determined that such reports would be exempt from disclosure only if the disclosure of the information would harm the agency in one of four enumerated ways.[5] Even then, the report may not be entirely exempt from disclosure; the statute goes on to state that a public record containing both nonexempt and exempt material must be segregated so that the nonexempt material is made available to the public. As a result, we reject SLED's contention that this, or any, criminal investigative report is *per se* exempt from disclosure.

We conclude that the documents contained in the report which are otherwise available to the public as public records are not exempt from disclosure merely because they were incorporated in the SLED report. These documents include the Commission's bylaws and certificate of incorporation, the audit performed on the Commission, and any accompanying letters from the accountant. These documents are not subject to any exemption contained in the FOIA and must be disclosed to the Observer.

The remainder of the report contains statements given by confidential informants and a SLED report summarizing the allegations contained in the statements. After careful review of these documents, we conclude that these documents fall within one or more of the exemptions relied upon by the trial judge.[6]

We caution that this opinion should not be interpreted as protecting all confidential informants' statements from disclosure. Unlike the federal FOIA, our FOIA

---

[5] A report may also be exempt from disclosure if another exemption enumerated in section 30-4-40(a) is applicable.

[6] The trial judge relied on the exemption contained in section 30-4-40(a)(3), which exempts records of law enforcement under certain circumstances, and the exemption contained in section 30-4-40(a)(2), which exempts information of a personal nature where public disclosure would constitute an unreasonable invasion of personal privacy.

protects only the identity of informants, not the information contained in their statements.[7] We recognize that there may be cases in which the only applicable exemption is section 30-4-40(a)(3)(A), regarding the identity of informants. Under these circumstances, it may be possible to redact the informant's name and other identifying information, and to disclose the substance of the statement. However, this is not such a case.

In sum, we emphasize that law enforcement agencies do not have carte blanche to deny all FOIA requests for criminal investigative reports. The information contained in these reports can be withheld from disclosure only to the extent that it falls within one or more of the exemptions enumerated in section 30-4-40(a). The determination as to which portions of a report are exempt and which portions must be disclosed should be done on a case-by-case basis.

Reversed.

CHANDLER and FINNEY, JJ., and JASPER M. CURETON and CLARENCE T. GOOLSBY, JR., Acting Associate Justices, concur.

---

[7] If law enforcement agencies desire more protection under the FOIA, their remedy is in the legislature rather than in the courts.