496 S.E.2d 636

**John DOE, Respondent,**

v.

**BERKELEY PUBLISHERS, d/b/a The Berkeley Independent, Petitioner.**

**No. 24765.**

Supreme Court of South Carolina.

Heard Nov. 6, 1997.

Decided Feb. 23, 1998.

Rehearing Denied Mar. 18, 1998.

Jay Bender and Charles E. Baker, both of Baker, Barwick, Ravenel & Bender, L.L.P., Columbia, for petitioner.

Thomas R. Goldstein, of Belk, Cobb, Infinger & Goldstein, P.A., Charleston, for respondent.

FINNEY, Chief Justice:

We granted certiorari to review that part of the Court of Appeals' opinion which reversed the trial court's order directing a verdict for petitioner on respondent's invasion of privacy claim. *Doe v. Berkeley Publishers, d/b/a The Berkeley Independent,* 322 S.C. 307, 471 S.E.2d 731 (Ct.App.1996). We reverse the decision of the Court of Appeals.

Respondent's claim is based on the petitioner's truthful reporting that respondent was the victim of a sexual assault by an inmate while both were incarcerated at the Berkeley County jail.[1] The issue in an invasion of privacy claim is whether the occurrence is a matter of legitimate public or general interest. *Meetze v. The Associated Press,* 230 S.C. 330, 95 S.E.2d 606 (1956). While ordinarily the issue whether an occurrence meets this test is a question of fact for the jury, under some circumstances it may be a question of law for the court. *Compare Hawkins v. Multimedia,* 288 S.C. 569, 344 S.E.2d 145 (1986) (whether birth of an out-of-wedlock child was a matter of legitimate public or general interest was a jury question) with *Meetze, supra* (birth of child to twelve year old mother one year after her marriage was a matter of public interest as a matter of law). We hold that the commission of a violent crime between inmates of a county jail is a matter of public significance as a matter of law.

---

1. A fuller description of the facts can be found in the Court of Appeals' opinion.

414

█ The Court of Appeals reversed the trial judge, holding that "whether publishing Doe's name as the victim of sexual assault was a matter of public significance" was an issue for the jury. *Doe*, 322 S.C. at 314, 471 S.E.2d at 735. We disagree. The Court of Appeals erred in separating the plaintiff's identity from the event. Under state law, if a person, whether willingly or not, becomes an actor in an event of public or general interest, "then the publication of his connection with such an occurrence is not an invasion of his right to privacy." *Meetze*, 230 S.C. at 337, 95 S.E.2d at 609. Accordingly, Doe's invasion of privacy claim fails as a matter of law, and the trial court's directed verdict was proper. The decision of the Court of Appeals is therefore

**REVERSED.**

TOAL, MOORE, WALLER and BURNETT, JJ., concur.