777 S.E.2d 835

George S. **GLASSMEYER,** Respondent,

v.

**CITY OF COLUMBIA,** Appellant.

Appellate Case No. 2013–001880.
No. 5347.

Court of Appeals of South Carolina.

Heard March 5, 2015.
Decided Sept. 2, 2015.
Rehearing Denied Oct. 29, 2015.

214

216

W. Allen Nickles, III, of Nickles Law Firm, of Columbia, for appellant.

Lyndey Ritz Zwingelberg and Kirby Darr Shealy, III, both of Adams and Reese, LLP, of Columbia, for respondent.

HUFF, J.

The City of Columbia appeals the trial court's declaration it violated the Freedom of Information Act (FOIA)[1] by failing to disclose to George S. Glassmeyer the home addresses, personal telephone numbers, and personal email addresses for applicants to the position of city manager. It also appeals the trial court's award of attorney's fees to Glassmeyer. We affirm in part and reverse in part.

## FACTS/PROCEDURAL HISTORY

On January 14, 2013, Glassmeyer sent the City a FOIA request for "all materials relating to not fewer than the final

---

1. S.C.Code Ann. §§ 30–4–10 to –165 (2007 & Supp.2014).

three applicants for the most recent vacancy announcement for the position of city manager." The City provided these documents but redacted certain information including the home addresses of applicants; some, but not all, of the telephone numbers belonging to applicants and their respective references; applicants' driver's license numbers and restrictions to their respective driver's licenses; and some, but not all, of their reasons for leaving or wanting to leave previous employment positions. In a letter dated January 24, 2013, Glassmeyer requested the City provide him the redacted information. In his response dated January 28, 2013, the City attorney, Kenneth Gaines, explained section 30-4-40 of the South Carolina Code (2007 and Supp.2014) enumerates matters exempt from disclosure and provides for the redaction of exempt materials from public records. He declared, "Therefore, the City of Columbia has complied with the provisions of the South Carolina Freedom of Information Act and will not release unredacted material to you as you requested."

Glassmeyer filed this action seeking a declaratory judgment the City was in violation of the FOIA and an injunction prohibiting the City from further withholding the information Glassmeyer sought. In addition, Glassmeyer sought attorney's fees and costs. Before formally answering, counsel for the City wrote Glassmeyer's counsel stating he did not agree the public interest outweighed privacy concerns with matters like home addresses, personal telephone numbers, and email addresses of applicants and references, and salaries other than public employees making more than $50,000. In addition, he believed the reasons for leaving employment were personal and this information was available through independent inquiry. The City's counsel assured Glassmeyer's counsel there was no "smoking gun" in any of the redacted information and offered to make the unredacted response available to him for review in a confidential manner.

The City subsequently answered the complaint and both parties moved for summary judgment. Prior to the trial court issuing its order, Glassmeyer conceded state law required the City to withhold the applicants' driver's license information. In its order, the trial court held the City was in violation of the FOIA for failing to timely provide its reason for the redactions. The court further found none of the exemptions to

disclosure applied. It held the South Carolina Family Privacy Protection Act,[2] was not applicable. Accordingly, it granted Glassmeyer's motion for summary judgment and denied the City's motion. In addition, the court struck the City's motion for attorney's fees. It held the record open for Glassmeyer to submit an affidavit for attorney's fees. The City subsequently filed a motion to alter or amend, which the trial court denied. In an order filed August 27, 2013, the trial court awarded Glassmeyer $ 11,185.01 in attorney's fees.

On September 4, 2013, the City served its notice of appeal. The same day it also filed a modified response to plaintiff's FOIA request, noting it was in keeping with the notice of appeal. The response contained all information previously redacted except for personal addresses, personal telephone numbers, and personal email addresses of the applicants.

**STANDARD OF REVIEW**

■ The determination of the proper interpretation of a statute is a question of law, which the appellate court reviews de novo. *Perry v. Bullock*, 409 S.C. 137, 140, 761 S.E.2d 251, 252–53 (2014) (interpreting the FOIA and determining an autopsy report is a medical record under section 30–4–20(c) of the South Carolina Code (2007)). The appellate court is free to decide the question with no particular deference to the lower court. *New York Times Co. v. Spartanburg Cty. Sch. Dist. No. 7*, 374 S.C. 307, 310, 649 S.E.2d 28, 29 (2007).

**LAW/ANALYSIS**

A. Redactions

The City argues the trial court erred in finding the FOIA compelled disclosure of home addresses, personal telephone numbers, and personal email addresses for applicants to the position of city manager. We agree.

■ The cardinal rule of statutory construction is to ascertain and effectuate the General Assembly's intent. *Perry*, 409 S.C. at 140, 761 S.E.2d at 253. The plain language of a statute is considered the best evidence of legislative intent. *Id.* "When interpreting an undefined statutory term, the Court must look to its usual and customary meaning." *Id.* at 140–41,

2. S.C.Code Ann. §§ 30–2–10 to –50 (2007).

761 S.E.2d at 253. "[S]tatutes dealing with the same subject matter are *in pari materia* and must be construed together, if possible, to produce a single, harmonious result." *Amisub of S.C., Inc. v. S.C. Dep't of Health & Envtl. Control,* 407 S.C. 583, 598, 757 S.E.2d 408, 416 (2014). "Because we must presume that the General Assembly is familiar with existing legislation, statutes dealing with the same subject matter must be reconciled, if possible, so as to render both operative." *Id.*

In enacting the FOIA, the General Assembly stated its findings and purpose as follows:

The General Assembly finds that it is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials and of the decisions that are reached in public activity and in the formulation of public policy. Toward this end, provisions of this chapter must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay to the persons seeking access to public documents or meetings.

S.C.Code Ann. § 30-4-15 (2007).

The essential purpose of the FOIA is to protect the public from secret government activity. *Perry,* 409 S.C. at 141, 761 S.E.2d at 253. The FOIA is remedial in nature and should be liberally construed to carry out the purpose mandated by the General Assembly. *Quality Towing, Inc. v. City of Myrtle Beach,* 345 S.C. 156, 161, 547 S.E.2d 862, 864-65 (2001). Whether a record is exempt from disclosure depends on the particular facts of the case. *City of Columbia v. ACLU,* 323 S.C. 384, 387, 475 S.E.2d 747, 749 (1996). Underlying each case, however, is the principle the exemptions in section 30-4-40 of the South Carolina Code (2007) are to be narrowly construed so as to fulfill the purpose of the FOIA. *Evening Post Publ'g. Co. v. City of N. Charleston,* 363 S.C. 452, 457, 611 S.E.2d 496, 499 (2005). To further advance this purpose, the government has the burden of proving an exemption applies. *Id.*

The FOIA requires disclosure of materials gathered by a public body during a search to fill an employment position relating to not fewer than the final three applicants under

consideration for a position. S.C.Code Ann. § 30–4–40(a)(13) (2007). This section further provides, "For the purpose of this item 'materials relating to not fewer than the final three applicants' do not include an applicant's income tax returns, medical records, social security number, or information otherwise exempt from disclosure by this section." *Id.*

South Carolina Code section 30–4–40(a)(2) (2007), known as the "privacy exemption," exempts from disclosure "[i]nformation of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy." As this court noted, "Section 30–4–40(a)(2) does not specifically list or define the types of records, reports, or other information that should be classified as personal or private information exempt from disclosure." *Burton v. York Cty. Sheriff's Dep't,* 358 S.C. 339, 352, 594 S.E.2d 888, 895 (Ct.App. 2004). Thus, we must "resort to general privacy principles, which examination involves a balancing of conflicting interests—the interest of the individual in privacy on the one hand against the interest of the public's need to know on the other." *Id.* The right to privacy is defined as the right of an individual to be let alone and to live a life free from unwarranted publicity. *Id.* "However, 'one of the primary limitations placed on the right of privacy is that it does not prohibit the publication of matter which is of legitimate public or general interest.'" *Id.* (quoting *Soc'y of Prof'l Journalists v. Sexton,* 283 S.C. 563, 566, 324 S.E.2d 313, 315 (1984)).

Interpreting the privacy exemption contained in the Michigan Freedom of Information Act, the Supreme Court of Michigan found employees' home addresses and telephone numbers were exempt from disclosure. *Mich. Fed'n of Teachers & Sch. Related Pers. v. Univ. of Mich.,* 481 Mich. 657, 753 N.W.2d 28, 43 (2008). It explained, "Where a person lives and how that person may be contacted fits squarely within the plain meaning of this definition [of information of a personal nature] because that information offers private and even confidential details about that person's life. . . . [T]he release of names and addresses constitutes an invasion of privacy, since it serves as a conduit into the sanctuary of the home." *Id.* at 40. In addition, the court noted, "The potential abuses of an individual's identifying information, including his home address and telephone number, are legion." *Id.* In concluding

the disclosure of this information would constitute an unwarranted invasion of an individual's privacy, the Michigan court explained as follows:

Simply put, disclosure of employees' home addresses and telephone numbers to plaintiff would reveal little or nothing about a governmental agency's conduct, nor would it further the stated public policy undergirding the Michigan FOIA. Disclosure of employees' home addresses and telephone numbers would not shed light on whether the University of Michigan and its officials are satisfactorily fulfilling their statutory and constitutional obligations and their duties to the public. When this tenuous interest in disclosure is weighed against the invasion of privacy that would result from the disclosure of employees' home addresses and telephone numbers, the invasion of privacy would be clearly unwarranted.

*Id.* at 43 (internal citations omitted).

Similarly, the U.S. Supreme Court found disclosure of employees' addresses would not appreciably further "the citizens' right to be informed about what their government is up to" and "would reveal little or nothing about the employing agencies or their activities." *U.S. Dep't of Def. v. Fed. Labor Relations Auth.,* 510 U.S. 487, 497, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994). It held, "Because the privacy interest of bargaining unit employees in nondisclosure of their home addresses substantially outweighs the negligible FOIA-related public interest in disclosure, we conclude that disclosure would constitute a 'clearly unwarranted invasion of personal privacy.'" *Id.* at 502, 114 S.Ct. 1006 (citation omitted).

 Glassmeyer contends the City's disclosure of the information would not result in a substantial invasion of privacy because the telephone numbers and addresses are publicly available information and email addresses are generally available through online research. The U.S. Supreme Court rejected a similar argument, explaining,

It is true that home addresses often are publicly available through sources such as telephone directories and voter registration lists, but "[i]n an organized society, there are few facts that are not at one time or another divulged to another." The privacy interest protected by [the federal exemption] "encompass[es] the individual's control of infor-

mation concerning his or her person." An individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form.

*U.S. Dep't of Def.*, 510 U.S. at 500, 114 S.Ct. 1006 (first and third alterations in original) (citations omitted). Similarly, the Supreme Court of Michigan found,

An individual's home address and telephone number might be listed in the telephone book or available on an Internet website, but he might nevertheless understandably refuse to disclose this information, when asked, to a stranger, a coworker, or even an acquaintance. The disclosure of information of a personal nature into the public sphere in certain instances does not automatically remove the protection of the privacy exemption and subject the information to disclosure in every other circumstance.

*Mich. Fed'n of Teachers & Sch. Related Pers.*, 753 N.W.2d at 42.

Home addresses and telephone numbers are information our General Assembly has recognized as entitled to protection for personal privacy. In legislation enacted subsequent to the FOIA, the General Assembly recognized, "Although there are legitimate reasons for state and local government entities to collect social security numbers and other personal identifying information from individuals, government entities should collect the information only for legitimate purposes or when required by law." S.C.Code Ann. § 30–2–300(2) (Supp.2014). It thus provided, "When state and local government entities possess social security numbers *or other personal identifying information,* the governments should minimize the instances this information is disseminated either internally within government or externally with the general public." S.C.Code Ann. § 30–2–300(3) (Supp.2014) (emphasis added).

In the Family Privacy Protection Act, the General Assembly recognized the need for state agencies to develop privacy policies and procedures to limit and protect the collection of personal information. S.C.Code Ann. §§ 30–2–10 to –50. It included in the definition of "personal information" home addresses and home telephone numbers. S.C.Code Ann. § 30–2–30 (2007).

We find the home addresses, personal telephone numbers, and email addresses of the applicants are information in which the applicants have a privacy interest. However, we must balance the privacy interest of the applicants against the interest of the public's need to know this information. We find the trial court was mistaken in stating the public's interest would be served by disclosure of the applicants' home addresses because "[t]he public has a right to know whether the applicants live in the city of Columbia, the area over which the city manager has authority." The City only redacted the street name and number of the applicants' home addresses. It provided Glassmeyer with the city name and zip code. Thus, the public could determine the city in which the applicants lived through the materials the City provided. The trial court did not declare any interest served by revealing the personal phone numbers or email addresses of the applicants.

Glassmeyer asserts the disclosure of the information would serve the public's interest by demonstrating whether the applicants were truthful in their applications. Other than the home addresses, telephone numbers, and email addresses, the City has disclosed the applicants' entire applications, including their educational backgrounds and employment histories. We fail to see how disclosure of the limited information the City seeks to protect would serve to establish the veracity of the applicants more than the information already provided.

In balancing the interests of protecting personal information against the public's need to know the information, we find no evidence in the record demonstrates disclosure would further the FOIA's purpose of protecting the public from secret government activity. Accordingly, we hold the applicants' home addresses, personal telephone numbers, and personal email addresses are "[i]nformation of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy" and are exempt from disclosure under section 30–4–40(a)(2).

B. Attorney's Fees

The City argues the trial court erred in awarding Glassmeyer's requested attorney's fees and costs with the exception of $1,407. We disagree.

"The FOIA provides for attorney's fees to a prevailing party seeking relief under the act." *Campbell v. Marion Cty. Hosp. Dist.*, 354 S.C. 274, 288, 580 S.E.2d 163, 170 (Ct.App.2003). "If a person or entity seeking such relief prevails, he or it may be awarded reasonable attorney fees and other costs of litigation. If such person or entity prevails in part, the court may in its discretion award him or it reasonable attorney fees or an appropriate portion thereof." S.C.Code Ann. § 30–4–100(b) (2007). "Under this section, the only prerequisite to an award of attorney's fees and costs is that the party seeking relief must prevail, in whole or in part. Where a plaintiff prevails on his request for declaratory relief, it is within the trial judge's discretion to award attorney's fees and costs to the plaintiff." *Campbell*, 354 S.C. at 288–89, 580 S.E.2d at 170.

As a separate basis for its award of attorney's fees, the trial court found Glassmeyer was the prevailing party because the City failed to provide any basis for its redactions when it produced the responsive documents. The City did not appeal this decision.[3] This ruling alone supports the trial court's award of attorney's fees to Glassmeyer. In addition, Glassmeyer challenged the redaction of other information, which the City has provided to him since the commencement of litigation. Although we find Glassmeyer was not entitled to the applicants' home addresses, phone numbers, and email addresses,[4] Glassmeyer prevailed on significant issues in the action entitling him to attorney's fees. Accordingly, we affirm the trial court's award of attorney's fees to Glassmeyer.

## CONCLUSION

We hold the trial court erred in ordering the City to disclose the home addresses, personal telephone numbers, and personal email addresses for applicants to the position of city manager and **REVERSE** its grant of summary judgment to Glass-

---

3. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (stating "an unappealed ruling, right or wrong, is the law of the case").

4. In addition, Glassmeyer acknowledged he was not entitled to the applicants' driver's license information.

meyer on this issue. However, we **AFFIRM** the trial court's award of attorney's fees to Glassmeyer.

**AFFIRMED IN PART AND REVERSED IN PART.**

FEW, C.J., and WILLIAMS, J., concur.