**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

George S. Glassmeyer, Respondent,

v.

City of Columbia, Appellant.

Appellate Case No. 2014-002221

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-404
Heard March 9, 2016 – Filed August 24, 2016

———————

**AFFIRMED AS MODIFIED**

———————

W. Allen Nickles, III, of Nickles Law Firm, of Columbia, for Appellant.

Lyndey Ritz Zwingelberg and Kirby Darr Shealy, III, both of Adams and Reese LLP, of Columbia, for Respondent.

———————

**PER CURIAM:** The City of Columbia (the City) appeals the trial court's declaration the City violated the Freedom of Information Act (FOIA) by failing to disclose to George Glassmeyer certain emails and other complaints made against the former police chief. We affirm as modified.

1.  We disagree with the City's argument the FOIA does not apply because the withheld documents did not deprive Glassmeyer of access to information regarding the "activities of their public officials."[1]  *See Perry v. Bullock*, 409 S.C. 137, 141, 761 S.E.2d 251, 253 (2014) ("[T]he FOIA's essential purpose is to protect the public from secret government activity."); *New York Times Co. v. Spartanburg Cty. Sch. Dist. No. 7*, 374 S.C. 307, 311, 649 S.E.2d 28, 30 (2007) ("FOIA must be construed so as to make it possible for citizens to learn and report fully the activities of public officials.").  The documents contain allegations against the former City of Columbia Police Chief during his time in that office and, thus, regard the activities of a public official.

2.  We agree with the trial court the City failed to present in a timely manner its argument the withheld documents were not submitted to the City of Columbia Police Department (the Department) according to its established procedures and, therefore, were not "complaints" as provided in the Department's Directives and Procedures Manual (the Manual).  The City did not raise this issue until its motion to alter or amend.  *See Dixon v. Dixon*, 362 S.C. 388, 399, 608 S.E.2d 849, 854 (2005) (stating an issue raised for first time in a motion to alter or amend is not preserved for review).  The complaint alleged the City violated the FOIA by failing to disclose the documents, and Glassmeyer elaborated in his motion for summary judgment, in his memorandum opposing the City's motion for summary judgment, and at the summary judgment hearing the public's interest in knowing why the

---

[1] In enacting the FOIA, the General Assembly stated its findings and purpose as follows:

> The General Assembly finds that it is vital in a democratic society that public business be performed in an open and public manner so that citizens shall be advised of the performance of public officials and of the decisions that are reached in public activity and in the formulation of public policy.  Toward this end, provisions of this chapter must be construed so as to make it possible for citizens, or their representatives, to learn and report fully the activities of their public officials at a minimum cost or delay to the persons seeking access to public documents or meetings.

S.C. Code Ann. § 30-4-15 (2007).

Department failed to investigate the allegations against, and/or discipline, the former police chief.  The City had the opportunity to respond against the argument prior to the trial court's order granting summary judgment.  Thus, the City's argument is not properly before this court.

3.  We find the City abandoned its argument concerning disclosure of the family court documents.  The City only challenges the trial court's ruling in a footnote and cites to no authority.  *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to cite authority or when the argument is simply a conclusory statement, the party is deemed to have abandoned the issue on appeal).

4.  We find the remaining documents are not exempt from disclosure due to the privacy exemption.  *See* S.C. Code Ann. § 30-4-40(a)(2) (2007) (exempting from disclosure "[i]nformation of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy."); *Burton v. York Cty. Sheriff's Dep't*, 358 S.C. 339, 352, 594 S.E.2d 888, 895 (Ct. App. 2004) (noting section 30-4-40(a)(2) does not specifically list or define the types of records, reports, or other information that should be classified as personal or private information exempt from disclosure and explaining we must "resort to general privacy principles, which examination involves a balancing of conflicting interests—the interest of the individual in privacy on the one hand against the interest of the public's need to know on the other."); *Evening Post Publ'g. Co. v. City of N. Charleston*, 363 S.C. 452, 457, 611 S.E.2d 496, 499 (2005) (stating the exemptions in section 30-4-40 are to be narrowly construed so as to fulfill the purpose of the FOIA); *id.* ("To further advance this purpose, the government has the burden of proving that an exemption applies.").  We find no merit to the City's contention it should not have to disclose the documents because they were anonymous emails, "unsolicited, unverified allegations referring to the former police chief's personal conduct, and third-party, unverified allegations of misconduct."  Although some of the emails were from pseudonyms, the Manual provides the Department will investigate all citizen complaints, including anonymous ones.  The allegations in the emails are "complaints" according to the Department's Citizen Complaint Process Policy's definition, which provides a complaint is "[a]n allegation of circumstance(s) mounting to a specific act or omission which, if proven true, would amount to employee misconduct."  The policy defines misconduct as "an act or omission by an employee, which, if proven true, would normally result in some form of discipline or sanction."  This includes: "Commission of an unlawful act[;] Neglect of duty[;] Violation of any department policy, procedure, rule or regulation or training procedure; or Conduct that may

reflect unfavorably upon the employee or agency." *See Burton*, 358 S.C. at 352, 594 S.E.2d at 895 (["W]e find the manner in which the employees of the Sheriff's Department prosecute their duties to be a large and vital public interest that outweighs their desire to remain out of the public eye.").

5. Although we find the trial court correctly ruled the documents were not exempt from disclosure, we hold the City should redact the names of third parties who are not governmental officials, as well as personal identifying information such as personal telephone numbers and email addresses. *See* S.C. Code Ann. § 30-4-40(b) (2007) ("If any public record contains material which is not exempt under subsection (a) of this section, the public body shall separate the exempt and nonexempt material and make the nonexempt material available in accordance with the requirements of this chapter."); *Glassmeyer v. City of Columbia*, 414 S.C. 213, 223, 777 S.E.2d 835, 841 (Ct. App. 2015) (holding the home addresses, personal telephone numbers, and personal email addresses of applicants for city manager are exempt from disclosure under section 30-4-40(a)(2)), *cert. denied*, (June 16, 2016).

**AFFIRMED AS MODIFIED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**